AYRES, Judge.
This is an action for damages for personal injuries produced by a blast from a shotgun in the hands of the defendant. From a judgment in favor of plaintiff in the amount of $1,000.00 for pain and suffering, $1,000.00 for loss of wages, and $228.70 for hospitalization and $221.30 for medical expenses, defendant appealed.
The questions presented for determination, factual in character, relate primarily to the matter of fault in the occurrence of the shotgun blast. Defendant denies that the shooting was deliberate, and asserts that the gun was discharged during a struggle for its possession. Each of the parties litigant has a separate version of the occurrence.
Plaintiff’s version of the occurrence which took place at Doris’ Cafe on Lake Bistineau may be first reviewed. Plaintiff and one John Temple, who were cousins, met at the cafe on the night of October 20, 1962, for a fish fry. On being served, they repaired to the parking lot to eat their dinners. While sitting on the front fenders of an automobile owned by Temple, one Jack Boley approached, cursed Temple, asked Plunkett what he would do if he were cursed, heard Plunkett say that he would not take it, then offered to buy each a beer. Going further with plaintiff’s version one finds that it was thought Boley was very near the stage of being drunk; that Plun-kett and Temple asked him to let them alone and told him to return to the cafe. It was then that the defendant, Mims, approached and asked Temple and Plunkett why they were planning to beat up Boley. Both replied that no such plan had been made, and *821 Mims left the immediate vicinity presumably to return to the cafe. Defendant, instead, went to his car and obtained his shotgun. Plaintiff, hearing the breach of a shotgun close, saw the defendant approaching with his gun. Plaintiff and Temple slid off the fenders. The defendant punched plaintiff with the gun barrel and then struck him across the neck and finally shot him, the load taking effect in plaintiff’s right shoulder. Plaintiff is supported in his testimony by that of Temple.
Defendant’s account of the events is that, ■on the afternoon of the difficulty, he went squirrel hunting and, due to a heavy rain, hastened out of the woods and, on reaching his car, failed to unload his gun but threw it on the back seat of his car. After returning home, defendant and his wife decided to go to Doris’ Cafe for a fish fry. While .at the cafe they occupied a table with several other couples, including Jack Boley and his wife. Boley left the table, and after having been gone for some time, Mrs. Boley .asked defendant to find her husband. Not finding Boley in the cafe, defendant went to the parking lot where, after calling for Boley, a discussion arose with plaintiff and Temple. In the course of this discussion, defendant advised plaintiff and Temple that, ■due to his physical condition and prior injuries, he could not fight with them, but, nevertheless, they approached and threatened him, whereupon he reached in his car and obtained his loaded shotgun, and, as he was bringing the gun out of the car, plaintiff and Temple grabbed him. A struggle ensued; the gun discharged, whereupon plaintiff and Temple left. Defendant was ■unaware that anyone had been hit when the gun was discharged. Throughout the struggle, defendant’s hands were not on the trigger or safety mechanism of the gun. Defendant claimed not to know whether it was plaintiff or Temple who actually discharged the weapon.
The conclusion is inescapable, from the evidence, that all parties involved, including the witnesses, John Temple and Jack Boley, had indulged in drinking intoxicating beverages to some degree of excess.
The contention is made that plaintiff has not established fault on the part of defendant by a reasonable preponderance of the evidence. In this regard, it may be pointed out, as heretofore indicated, that plaintiff’s testimony was corroborated by that of John Temple, and that the trial court, after hearing the testimony, found the occurrence resulted in the manner described by plaintiff and Temple. No manifest error has been pointed out in the conclusion so reached or other cause shown for the court’s accepting plaintiff’s version of the occurrence instead of that of defendant. Defendant was unable to account for the manner in which the gun went off — “I just don’t know. I don’t believe I done it.”
The gun was a 12-gauge automatic and was, at the time, loaded with two shells. Defendant knew it was so loaded and, on inquiry as to what he planned to with it, stated, “I was just trying to keep them off of me was all I was doing. I was just keeping them off of me because I wasn’t able to fight them.”
The blast inflicted a gunshot wound in plaintiff’s right shoulder about IY2 centimeters in diameter, located in the anterior margin of the trapezius muscle in the midclavicular line. The exit of the shot was along the medial margin of the right scapula and about 6-8 centimeters in diameter.
Plaintiff was first treated for about a week by Dr. Richard J. Oosta in Ringgold, Louisiana, after which he was transferred to a hospital in Shreveport where he remained two days and a night under the treatment of Dr. Fred L. Price, after which he was sent home, where he was confined" in bed for a week-and-a-half to two weeks under the care of Dr. Oosta. Thereafter, for three-and-a-half months, it was necessary that plaintiff carry his arm in a sling..
Prior to the accident, plaintiff was working as a welder’s helper at a wage of $1.50 *822 per hour. He was unable to resume work until July, 1963.
Thus, we find no basis for disagreement with the conclusion reached by the trial court. Defendant was at least guilty of negligence in the handling of his gun. The award of damages is not excessive.
Accordingly, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.